# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

  v.                                              Case No. 17-CR-49

**WOODY NAHQUADDY,**
**MITCHELL E. OSHKOSH, and**
**AUSTIN KAQUATOSH,**

    Defendants.

## RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

On March 7, 2017, a grand jury sitting in the Eastern District of Wisconsin returned a three count indictment against defendants Woody Nahquaddy, Mitchell E. Oshkosh, and Austin Kaquatosh. Oshkosh is charged in Count One of the indictment with knowingly and intentionally conspiring to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Specifically, Oshkosh is charged with conspiring to obtain analogues of Schedule I controlled substances for purposes of resale and human consumption. (Docket # 1.) Oshkosh was arraigned on the charge and entered a plea of not guilty.

Before me is Oshkosh's motion to dismiss Count One of the indictment for failure to allege an essential element of the charge. Oshkosh argues that the indictment fails to allege that he knew that the substance involved was actually controlled under the Controlled Substance Act ("CSA") or the Analogue Act or that he knew the specific features of the substance that make it a controlled substance analogue. (Docket # 22.)

The motion has been fully briefed and is ready for resolution. For the reasons that follow, I recommend that the defendant's motion to dismiss be denied.

## ANALYSIS

Count One of the indictment charges Oshkosh with "knowingly and intentionally" conspiring "to distribute and possess with intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1)." Count One further alleges that Oshkosh conspired to "obtain analogues of Schedule I controlled substances for purpose of resale and human consumption." (Docket # 1 at 1.)

Oshkosh argues that charges involving analogues have a unique knowledge requirement separate from general § 841 controlled substance allegations. (Docket # 22 at 2-3.) Oshkosh challenges the sufficiency of the indictment arguing that Count One lacks the requisite knowledge element. He further argues that because analogues vary in chemical makeup and physiological effect, it is necessary to identify the specific analogue substance involved in the indictment. (*Id.* at 8.) The government responds that it is unnecessary to identify a particular controlled substance in the indictment and that it properly satisfied the notice requirement by providing Oshkosh with information regarding the analogue substance through discovery. (Docket # 27 at 2-3.)

The minimal requirements for a valid indictment are grounded on the constitutional mandates of the Fifth and Sixth Amendments. The Fifth Amendment guarantees the right to an indictment by grand jury and serves as a bar to double jeopardy, while the Sixth Amendment guarantees that a defendant be informed of the charges against him. *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981). These constitutional mandates establish three minimum requirements for an indictment. First, it must adequately state all of the

elements of the crime charged; second, it must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). Moreover, Fed. R. Crim. P. 7(c)(1) requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."

In setting forth the offense, an indictment is generally sufficient if it "tracks" the words of the statute itself, "so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *Smith*, 230 F.3d at 305. An indictment is required, at a minimum, to provide the defendant with some means of "pinning down the specific conduct at issue." *Id.* The absence of any particular fact is not necessarily dispositive of the issue, and indictments are reviewed "on a practical basis and in their entirety, rather than in a hypertechnical manner." *Id.* (internal citations omitted).

Oshkosh relies on *McFadden v. United States*, 135 S. Ct. 2298 (2015) to argue that charges involving analogues to controlled substances have a unique knowledge requirement separate from general § 841 controlled substance allegations. In *McFadden*, the Supreme Court addressed how the mental state requirement under the CSA for knowingly manufacturing, distributing, or possessing with intent to distribute a controlled substance applies when the controlled substance is an analogue. The Court held that § 841(a)(1) expressly requires the government to prove that a defendant knew he was dealing with "a controlled substance," and the Analogue Act did not alter that provision. *Id.* at 2305. Rather, the Analogue Act requires that controlled substance analogues be treated as controlled substances. *Id.* Thus, the government must prove that the defendant knew the

substance with which he was dealing was a controlled substance even in prosecutions involving an analogue. *Id.*; *see also United States v. Novak*, 841 F.3d 721, 728 (7th Cir. 2016) (stating that although the statutory language of the Analogue Act "does not itself contain any scienter requirements, courts have interpreted the Analogue Act to incorporate the knowledge requirement from federal laws prohibiting the distribution of scheduled controlled substances").

The *McFadden* Court further stated that the knowledge requirement could be established in two ways:

> First, it can be established by evidence that a defendant knew that the substance with which he was dealing is some controlled substance—that is, one actually listed on the federal drug schedules or treated as such by operation of the Analogue Act—regardless of whether he knew the particular identity of the substance. Second, it can be established by evidence that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue.

135 S. Ct. at 2305. To satisfy the knowledge requirement the second way, the government must show that the defendant knew that the substance had a chemical structure substantially similar to that of an already-scheduled controlled substance and a physiological effect substantially similar to or greater than the effect of an already-scheduled controlled substance. *Novak*, 841 F.3d at 728-29. What *McFadden* added was the ways the government can establish the knowledge element in analogue cases, not a "unique knowledge requirement" as Oshkosh argues. The government has always had to prove knowledge in controlled substance prosecutions.

Accordingly, the question in this case is whether Count One of the indictment sufficiently alleges the knowledge requirement. I find that it does. Count One tracks the statutory language of § 841(a)(1) by alleging that Oshkosh knowingly and intentionally

conspired to distribute and possess with intent to distribute a controlled substance. Count One further alleges that Oshkosh conspired to obtain analogues of Scheduled I controlled substances for purpose of resale and human consumption. As previously stated, an indictment is generally sufficient if it tracks the language of the statute itself. It is not necessary for the government to allege its theory of the case i.e., how it will prove the knowledge requirement.

A case from the District of Nevada, *United States v. Galecki*, No. 15-cr-285, 2016 WL 8732504 (D. Nev. Sept. 19, 2016) is persuasive here. In *Galecki*, the defendant was charged with conspiracy to manufacture, possess with intent to distribute, and distribute a controlled substance analogue intended for human consumption. The defendant moved to dismiss several counts of the indictment on the ground that the government failed to sufficiently allege *McFadden*'s knowledge requirement. The indictment alleged the defendant and his co-defendants intentionally and knowingly conspired, and possessed with intent to distribute, schedule I controlled substances and controlled substance analogues "knowing that the substance was intended for human consumption as provided by 21 U.S.C. Section 813." *Id.* at *3. The court found the Analogue Act counts sufficiently pled. The court stated that while the defendant was "entitled to a jury instruction that adequately informs the jury of the *mens rea* requirements for a conviction that conforms to the Supreme Court's decision in *McFadden*," he cited no authority for the proposition that "an indictment must plead the *mens rea* requirement of a statute with the specificity required for an adequate jury instruction." *Id.* Here, as in *Galecki*, although the indictment lacks the specificity required of a jury instruction, it alleges that Oshkosh knowingly conspired to distribute a controlled substance, namely analogues of Schedule I controlled substances.

It is also helpful to consider the Supreme Court's decision in *Staples v. United States*, 511 U.S. 600 (1994) cited in *McFadden*. In *Staples*, the Supreme Court found that the government was required to prove that the defendant knew of the features of his AR-15 rifle that brought it within the scope of the National Firearms Act. In so holding, the Court reasoned that guns are commonly owned and can generally be owned "in perfect innocence" and thus, the mere fact that a gun is dangerous is insufficient to put gun owners on notice of the likelihood of regulation to justify interpreting 26 U.S.C. § 5861(d) as not requiring proof of knowledge of the weapon's characteristics. *Id.* at 611-12. The *McFadden* Court distinguished the statute at issue in *Staples* from § 841(a)(1):

> The statute at issue in *Staples* defined "a firearm" by its physical features such as the length of its barrel and its capacity to shoot more than one shot with a single function of the trigger. Unlike those physical features that brought the firearm "within the scope of" that statute, the feature of a substance "that br[ings] it within the scope of" § 841(a)(1) is the fact that it is "'controlled.'" § 802(6).

135 S. Ct. at 2306. Thus, it was the specific characteristics of the gun that brought it into violation of the law and thus those facts needed to be included in the indictment. *See, e.g.,* Report & Recommendation, *United States v. Rees*, No. 13-CR-163 (E.D. Wis. Oct. 23, 2013), Docket # 29. By contrast, in this case, the fact that an analogue is treated as a controlled substance is what brings it within the purview of § 841(a)(1). Thus, it is unnecessary for the indictment to articulate the specific characteristics of the analogue that brought it under the Analogue Act.

Admittedly, it is probably better practice to name the specific analogue at issue in the indictment and specify which method of proof as to knowledge the government is proceeding under, i.e., whether the government is intending to show either (1) that the

defendant knew that the substance was listed or treated as listed by the Analogue Act or (2) that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue. *See, e.g., United States v. Sloan*, No. 14CR152, 2016 WL 6989768, *8 (E.D. Mo. Sept. 23, 2016) (The indictment alleged that the defendants: "(1) knew the alleged synthetic chemicals were (2) intended for human consumption (3) had chemical structure(s) substantially similar to that of a controlled substance, and (4) either (a) have substantially similar effect on the user's central nervous system as would a controlled substance, i.e., a 'high' or (b) were intended by defendant(s) to have such an effect."). However, in terms of what is constitutionally required to put Oshkosh on notice of the charges against him, Count One adequately states all of the elements of the crime charged, informs him of the nature of the charges so that he may prepare a defense, and allows him to plead the judgment as a bar to any future prosecution for the same offense. *See Smith*, 230 F.3d at 305. For these reasons, I recommend that the defendant's motion to dismiss Count One of the indictment be denied.

**NOW, THEREFORE, IT IS RECOMMENDED** that the defendant's motion to dismiss Count One (Docket # 22) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely

objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 9th day of May, 2017.

BY THE COURT

_s/Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge